■ In the Matter of GREGORY GUZMAN, Respondent, v STATE OF NEW YORK, EXECUTIVE DEPARTMENT, DIVISION OF PAROLE, et al., Appellants. [798 NYS2d 585]—Crew III, J.P. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered November 9, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, who currently is serving concurrent prison terms of 7 to 21 years and 1$\frac{1}{3}$ to 4 years based upon, respectively, his 1993 conviction of manslaughter in the first degree and his 1992 conviction of attempted criminal sale of a controlled

substance in the third degree, appeared before the Board of Parole for a hearing in June 2003, at the conclusion of which he was denied parole release for the third time since his incarceration and a 24-month hold was imposed. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the Board's determination contending, among other things, that the Board failed to comply with the mandates of Executive Law § 259-i. Supreme Court granted petitioner's application and directed the Board to conduct a de novo hearing. This appeal by respondents ensued.

The Attorney General has advised this Court that petitioner reappeared before the Board as scheduled on June 14, 2005 and again was denied parole release. Petitioner's reappearance before the Board during the pendency of this appeal renders respondents' appeal moot (*see Matter of Hall v New York State Div. of Parole*, 18 AD3d 1036 [2005]). As we are unable to discern any exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]), the instant appeal is dismissed.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.